UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard J. Coccodrilli, Jr.,

        Plaintiff,

v.

I-Flow Corporation, DJO, LLC,
and DJO Incorporated,

        Defendants.

Civil No. 10-2083 (JNE/SRN)
ORDER

This action is one of many product-liability actions involving pain pumps that have been filed in the District of Minnesota presumably to take advantage of Minnesota's generous statute of limitations despite having no discernable connection to Minnesota. *See Fleeger v. Wyeth*, 771 N.W.2d 524, 525 (Minn. 2009) (in cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004). Plaintiff Richard J. Coccodrilli, Jr. is a citizen of Pennsylvania. Defendants I-Flow Corporation, DJO, LLC, and DJO Incorporated are Delaware corporations with their principal places of business in California. Plaintiff had shoulder surgery in Pennsylvania in March 2003. He now sues for damages he allegedly sustained from a pain pump that continuously injected anesthetic into his shoulder joint following the surgery. Because of this action's apparent lack of connection to Minnesota, the Court ordered the parties to brief the propriety of transfer under 28 U.S.C. § 1404(a) (2006). Plaintiff opposes transfer. Defendants maintain that transfer to the United States District Court for the Middle District of Pennsylvania is warranted.

Other judges in the District of Minnesota have determined that transfer is warranted in cases presenting issues identical to those in this case. *See, e.g.*, *Smith v. Stryker Corp.*, Civ. No. 10-710, 2010 U.S. Dist. LEXIS 75046 (D. Minn. July 26, 2010); *Kunz v. DJO, LLC*, Civ. No.

1

10-712, 2010 U.S. Dist. LEXIS 75050 (D. Minn. July 26, 2010). The Court agrees with the reasoning and conclusion of those cases. Consequently, for the convenience to the parties and witnesses and in the interests of justice, the Court transfers this action to the Middle District of Pennsylvania.[1] Therefore, IT IS ORDERED THAT:

1. This action is transferred to the United States District Court for the Middle District of Pennsylvania for further proceedings.

2. The Clerk of Court is directed to effect the transfer.

Dated: August 11, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1] Because Plaintiff filed suit in Minnesota, the Minnesota statute of limitations will continue to govern this action in the transferee court as long as Plaintiff is entitled to the benefit of the statute of limitations under Minnesota's choice-of-law rules. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (holding a § 1404(a) transfer does not change the law applicable in a diversity case).

2